## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **WILLIAM MEYERS, SR,** | * |
| Individually; as the next best friend of | |
| and Personal Representative of the | * |
| Estate of Ryan Meyers | |
| 4014 Keeners Road | * |
| Baltimore. Maryland 21220 | * |
| | |
| **&** | * |
| | |
| **ANNA MAE MEYERS,** | * |
| Individually; as the next best friend of | |
| and Personal Representative of the | * |
| Estate of Ryan Meyers | |
| 4014 Keener Road | * |
| Baltimore. Maryland 21220 | |
| | * |
| **Plaintiffs** | |
| v. | *     Civil Action No. |
| | |
| **BALTIMORE COUNTY, MARYLAND** | * |
| Serve: | |
| **John E. Beverungen, Esq.** | * |
| **County Attorney** | |
| **Baltimore County** | * |
| **400 Washington Avenue** | |
| **Towson, Maryland 21204** | * |
| | |
| | * |
| and | |
| | * |
| **Police Officer STEPHEN MEE** | |
| **Baltimore County Police Department** | * |
| in both his official and individual capacities | |
| | |
| and | |
| | * |
| **Police Officer VINCENT ROMEO** | |
| **Baltimore County Police Department** | * |
| in both his official and individual capacities | |
| | * |

1

    **and**
                                                  \*

**Police Officer KAREN GAEDKE**
**Baltimore County Baltimore Police Department**   \*
**in both his official and individual capacities**
                                                  \*

        **Defendants.**
                                                  \*

## COMPLAINT
(Wrongful Death/Survival Act; Police Brutality/Excessive Force;
Deprivation of Civil Rights; Negligent Training & Supervision;
Maryland Constitution; Gross Negligence)

## INTRODUCTION

1. This is a civil action brought pursuant to 42 U.S.C. Section 1983 seeking damages against the Defendants for committing acts under color of law which deprived Ryan Meyers of rights secured under the Constitution and laws of the United States.

2. In addition, it is a civil action seeking damages against the Defendants for intentional wrongdoing and acts of negligence under common law.

## JURISDICTION

3. Jurisdiction exists in this case pursuant to the Fourth and Fifth Amendments to the Constitution, and under 42 U.S.C. § 1983, 28 U.S.C. § 1331, 28 U.S.C. § 1343.

## NOTICE OF CLAIM

4. Baltimore County was given notice of this claim by letter dated June 25, 2007.

## PARTIES

5. Plaintiff, William Meyers at all times relevant herein, a resident of the state of

2

Maryland. Plaintiff is co- personal representative of the estate of his deceased son, Ryan Meyers.

6. Plaintiff, Anna Mae Meyers was at all times relevant herein, a resident of the state of Maryland. Plaintiff is co- personal representative of the estate of her deceased son, Ryan Meyers.

7. Defendant Stephen Mee, was at all times relevant to this proceeding a Baltimore County Police Officer acting within the course and scope of his employment with Defendant Baltimore County. This Defendant is being sued in his individual and official capacities.

8. Defendant Vincent Romeo, was at all times relevant to this proceeding a Baltimore County Police Officer acting within the course and scope of his employment with Defendant Baltimore County. This Defendant is being sued in his individual and official capacities.

9. Defendant Karen Gaedke, was at all times relevant to this proceeding a Baltimore County Police Officer acting within the course and scope of her employment with Defendant Baltimore County. This Defendant is being sued in her individual and official capacities.

10. Defendant Baltimore County maintains a police department which operates under and administers a set of law enforcement policies, practices and customs involving the hiring, training and supervision of its Police Officers. These policies, practices and customs include training in the use of force and encounters with civilians suffering from mental disorders as well as taser training.

**STATEMENT OF RELEVANT FACTS**

11. On or about March 16, 2007 Baltimore County police officers were summoned to

the residence of the decedent Ryan Meyers based upon a call from his parents and brother.

12. When the Officers arrived on the scene they observed Ryan Meyers in his home pacing the floor with a baseball bat.

13. Ryan Meyer was not acting illegally and was not a threat to himself, the police Officers on the scene or any third parties, he was in his home alone.

14. The parents and brother informed the police officers that Ryan Meyers was bi-polar and had been acting strange during the course of the day.

15. Officer Romeo the first officer to arrive observed Ryan Meyers pacing the floor, inside the house holding the baseball bat.

16. The second officer to arrive was Officer Gaedke who approximately two days earlier arrested Ryan Meyers and knew that he suffered from a mental illness, bi-polar disorder.

17. Officer Romeo requested the assistance of Officer Mee, a shift officer who had a taser weapon.

18. Upon the arrival of Officer Mee the officers gained access to the house and confronted Ryan Meyers. Officer Mee deployed the taser striking Ryan Meyers recycling and deploying his taser numerous times. At no time prior to the point at which Ryan Meyers was physically abused, assaulted, battered, tased and subsequently died did Defendant police officers have any legitimate reason to believe that Ryan Meyers posed a threat of any harm to himself, the officers or to any third party.

19. As a result of being tased, Ryan Meyers fell to the floor at which time several police officers physically abused him, assaulted, battered and beat him about the body and face.

20. Ryan Meyers was not observed to have committed any crime by Defendant police

officers and in fact was not engaged in any criminal conduct at the time that he came into contact with the Defendant police officers and other unknown police officers.

21. Defendant Mee, without justification, under the guise of conducting legitimate police activity on behalf of Defendant Baltimore County, and with the full knowledge and approval of Defendant Baltimore County, without any justification nor ever having observed Ryan Meyers making a threatening move against any police officer on the scene tasered Ryan Meyers who subsequently fell unconscious to the ground.

22. As a result of being physically abused, assaulted, battered and tased, Ryan Meyers died.

23. Moreover, Defendant Baltimore County, Maryland routinely allows its ill-trained and poorly supervised police officers to use tasers without proper training. Any and all training provided to Police Officers consists of being tased one time and said police officers are not trained in procedures concerning multiple tasering of an individual.

24. At all times relevant to this action, the Defendants Mee, Romeo and Gaedke (herein after "police officers") were acting under color of law and within the scope of their employment as a duly appointed law enforcement officers of Baltimore County, Maryland.

## COUNT I
**(Survival Act)**

25. Plaintiffs incorporate by reference paragraphs 1 through 24 as if fully set forth herein.

26. Pursuant to the Annotated Code of Maryland, Estates and Trusts § 7-401(y), the decedent's right of action for wrongful and negligent conduct against Defendants survives in

favor of William Meyers, Sr. and Anna Mae Meyers, the legal representatives of the deceased. Plaintiff, William Meyers, Sr. and Anna Mae Meyers, demands all damages recoverable under the Act including substantial damages for funeral and medical expenses and conscious pain and suffering, as well as any other damages recoverable under the Act.

Wherefore, Plaintiffs demands judgment against Defendants, jointly and severally, in the full and fair amount of Ten Million Dollars ($10,000,000.00) in compensatory and punitive damages, plus interest and costs.

## COUNT II
### (Wrongful Death)

27. Plaintiffs incorporate by reference paragraphs 1 through 26 as if fully set forth herein.

28. Plaintiffs' claims are also actionable under the Maryland Wrongful Death Act.

29. As a direct result of the negligence or wrongful acts of the Defendants, Plaintiffs and the next of kin suffered grief; the loss of the pecuniary value of services expected to be performed by the decedent and other damages recoverable under the Act.

Wherefore, Plaintiffs demands judgment against the Defendants, jointly and severally, in the full and fair amount of Ten Million Dollars ($10,000,000.00) in compensatory and punitive damages, plus interest and costs.

## COUNT III
### ( Excessive Force/Police Brutality-Deprivation of Civil Rights, 42 U.S.C. §1983 Defendants Baltimore County, Maryland, Officers Stephen Mee, Vincent Romeo, Karen Gaedke)

30. Plaintiffs incorporate by reference paragraphs 1 through 29 as if fully set forth herein.

31.     At all times relevant herein, Defendants had a duty to employ only reasonable measures in their interaction and treatment of the decedent.

32.     Notwithstanding said duties, the Defendant Police Officers and Defendant Baltimore County, through its employee and/or agent, wrongfully and unlawfully used excessive and unreasonable force on decedent, Ryan Meyers., inasmuch as no force whatsoever was warranted under the circumstances nor authorized.

33.     Defendant Baltimore County, acting under color of law, approved and/or condoned the intentional actions of the Defendant police officers; thus, any and all liability on the part of the Defendant officers is imputed to Defendant Baltimore County.

34.     Plaintiffs further allege that the Defendant police officers and Baltimore County with deliberate indifference to and reckless disregard for the safety and well-being of the decedent, and in violation of the 4th and 5th Amendments to the Constitution, did on March 18, 2007, commit or allow to be committed an unreasonable seizure which deprived Ryan Meyers of his Constitutional rights without affording him due process of law.

35.     Ryan Meyers had a firmly established right under the Fourth Amendment to be free from physical abuse, assault, battery and tasering.  He had a firmly established right to be free from excessive force being used against him, search and seizure, to be free from the imposition of summary punishment without due process of law; and to be free from the imposition of cruel and unusual punishment.   As a direct and proximate result of the unreasonable actions of Defendant police officers, Ryan Meyers was subjected to the ultimate unlawful seizure, the loss of his life.

36.     On March 18, 2007, Ryan Meyers posed no immediate threat to the Defendant

police officers. As a direct and proximate result of the intentional and wrongful actions of Defendant police officers and Baltimore County, Ryan Meyers was murdered.

Wherefore, Plaintiffs demands judgment against the Defendants, jointly and severally, in the full and fair amount of Ten Million Dollars ($10,000,000.00) in compensatory and punitive damages, plus interest and costs.

## COUNT IV
### (Negligent Training and Supervision-Defendants Baltimore County, Maryland)

37. Plaintiffs incorporates, by reference, paragraphs 1 through 36 as if fully set forth herein.

38. At all times relevant herein, the Defendant police officers were acting under the direction and control, and pursuant to the rules, regulations, policies and procedures, of Defendant Baltimore County.

39. Defendants Baltimore County acted negligently, carelessly and recklessly by failing to properly train, supervise, control, direct and monitor the Defendant police officer in their duties and responsibilities to those suffering from mental disorders.

40. As a direct and proximate result of the acts and omissions of Defendant Baltimore County, Ryan Meyers was wrongfully and unlawfully assaulted and tasered leading to his death by Defendant police officers who had no legitimate basis at all for their actions.

Wherefore, Plaintiffs demands judgment against the Defendants, jointly and severally, in the full and fair amount of Ten Million Dollars ($10,000,000.00) in compensatory and punitive damages, plus interest and costs.

## COUNT IV
**(Maryland Constitution)**

41.     Plaintiffs incorporate by reference, paragraphs 1 through 40 as is fully set forth herein.

42.     The acts of the Defendant police officers in assaulting, tasering and killing Ryan Meyers, and the conduct of Defendant Baltimore County in failing to properly train and supervise the Defendant police officers as to duties owed persons suffering from mental disorders, violated Articles 24 and 26 of the Maryland Declaration of Rights which gave Ryan Meyers a right to due process of law before being deprived of his life and liberty and a right not to be subjected to an unreasonable seizure.

43.     Baltimore County is liable on the basis of respondeat superior for any violations of the Maryland Constitution by the Defendant police officers that deprived Ryan Meyers of his rights under Articles 24 and 26. Baltimore County is also liable for its own violations of the Maryland Constitution in that it failed to supervise the Defendant police officers, and for its failure to train, discipline and supervise its police force in the use of lethal force, duties owed those suffering from mental disorders and the prevention of violations of the federal and state constitutions.

44.     The Defendant Baltimore County's failure to provide proper training and supervision demonstrated deliberate indifference to the safety of civilians with whom its police officers came into contact, specifically those persons suffering from mental disorders. The County's wrongful conduct in failing to properly train and supervise its officers directly led to the death of Ryan Meyers and to the injuries and damages suffered by his survivors.

Wherefore, Plaintiffs demand judgment against the Defendants, jointly and severally, in the full and fair amount of Ten Million Dollars ($10,000,000.00) in compensatory and punitive damages, plus interest and costs.

## COUNT V

### (Baltimore County: Gross Negligence, Negligence)

45. Plaintiffs incorporate by reference, paragraphs 1 through 44 as is fully set forth herein.

46. Defendant Baltimore County had a duty to provide instruction and training, and to supervise its police department regarding the proper performance of their duties to persons suffering from known mental disorders in accordance with the standard of care for police officers acting in the same or similar circumstances. This Defendant had a further duty to exercise due care in the hiring process of its police officers were hired to assure that the officers were psychologically and emotionally capable of performing the duties required of them as police officers so as to reasonably assure that its police officers would act in accordance with the standard of care.

47. Defendant Baltimore County, was negligent or grossly negligent in that said Defendant, by and through its agents, servants and/or employees;

  A. Breached the applicable standard of care;

  B. Failed to exercise due care in the hiring of the Defendant police officers;

  C. failed to perform necessary tests and screening after Defendant police officer was hired to reasonably assure that they were psychologically and emotionally capable of performing the duties required of them as a police officers

so as to reasonably assure that he would act in accordance with the standard of care;

D.   Failed to provide instruction, training and/or supervision of its police officers in circumstances similar to those described in the case of the Plaintiff, Ryan Meyers.

48.   As a direct and proximate result of the tortuous conduct of the Defendant police officers acting as the agent, servant and/or employee of Defendant Baltimore County, Plaintiff Ryan Meyers suffered the injuries and damages more particularly described above.

Wherefore, Plaintiffs demand judgment against the Defendants, jointly and severally, in the full and fair amount of Ten Million Dollars ($10,000,000.00) in compensatory and punitive damages, plus interest and costs.

### COUNT VI
### (Violations of The Americans With Disabilities Act, 42 U.S.C. 12131, et seq., And Section 504 of The Rehabilitation Act of 1973, 29 U.S.C. 794 Baltimore County)

49.   Plaintiff incorporate by reference, paragraphs 1 through 48 as is fully set forth herein.

50.   Plaintiff Meyers was an individual with a disability in that he was diagnosed with and regarded as suffering from mental illness.

51.   Defendant Baltimore County, by and through its Defendant police officers knew that Ryan Meyers suffered from mental illness.

52.   Defendant Baltimore County, by and through its Defendant police officers,

11

discriminated against Ryan Meyers due to his disabilities in

    a)    approving an exceedingly aggressive, excessive and unreasonable use of force against Mr, Meyers, and

    b)    failing to train its officers in the appropriate and reasonable police practices under the circumstances and/or failing to follow such training in this instance.

53.    As a proximate result of these violations of the Americans with Disabilities Act and the Rehabilitation Act of 1973, Ryan Meyers right to be free from discrimination on the basis of disabilities was denied and he was killed at the hands of police officers who were aware of his disabilities and refused to provide reasonable accommodations.

Wherefore, Plaintiffs demand judgment against the Defendants, jointly and severally, in the full and fair amount of Ten Million Dollars ($10,000,000.00) in compensatory and punitive damages, plus interest and costs.

### Jury Demand

The Plaintiffs demands a trial by jury on all issues so triable.

Respectfully submitted,

_____
Ted J. Williams [14758]
1200 G Street, N.W.
Suite 800
Washington, D.C.  20005
Tel. (202) 434-8744

Gregory L. Lattimer, [15462]
1200 G Street, N.W.
Suite 800
Washington, D.C.  20005
Tel. (202) 638-0095

Counsel for the Plaintiffs

13