IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WILLIAM MEYERS, SR., et al.,

    *Plaintiffs*,

        v.

BALTIMORE COUNTY, MARYLAND, et al.,

    *Defendants*.

Civil Action No. ELH-10-549

**MEMORANDUM OPINION**

This matter is before the Court on plaintiffs' "Motion to Review Clerk's Order Taxing Costs" (the "Motion," ECF 117). The issues have been fully briefed,[1] and no hearing is necessary to resolve them. *See* Local Rule 105.6. For the reasons that follow, I will grant plaintiffs' Motion.

**Background[2]**

In 2010, William Meyers, Sr., Anna Mae Meyers, and William Meyers, Jr., as personal representative of the estate of decedent Ryan Meyers,[3] brought a civil rights suit under federal and Maryland against Baltimore County and three of its police officers alleging, *inter alia*, use of excessive force that led to the death of Ryan Meyers in 2007. ECF 1, ECF 3. Judge Benson

---

[1] I have also considered the exhibits attached to plaintiffs' Motion, defendant's opposition to the Motion (ECF 118), and plaintiffs' reply (ECF 119).

[2] For a summary of the procedural posture, *see* the Memorandum Opinion filed on November 1, 2013 (ECF 82), incorporated herein to the extent relevant.

[3] William Meyers, Sr. and Anna Mae Meyers, the parents of the decedent, passed away before the trial in November 2013, discussed *infra*. *See* ECF 75 at 4. Prior to trial, Francis X. Borgerding, Jr., the personal representative of the estates of William Meyers, Sr. and Anna Mae Meyers, was substituted as the real party in interest in the matter in connection with the parents' wrongful death claims. ECF 86. Their deaths had no direct impact on the litigation, however.

Legg granted summary judgment in favor of defendants on all claims. *See Meyers v. Baltimore Cnty., Md*, 814 F. Supp. 2d 552 (D. Md. 2011) (ECF 45, ECF 46.). Plaintiffs appealed to the U.S. Court of Appeals for the Fourth Circuit, which reversed the district court's entry of summary judgment as to Officer Stephen Mee, and remanded the case for further proceedings. *See Meyers v. Baltimore Cnty., Md.*, 713 F.3d 723 (4th Cir. 2013).

Plaintiffs filed a bill of costs with the Fourth Circuit, seeking $1,366.80 for costs incurred on appeal. On February 13, 2013, the Clerk of Court for the Fourth Circuit awarded costs for the full amount sought, finding that plaintiffs "sufficiently prevailed on appeal as to authorize an award of costs," and ordered that the taxed costs be added to the Fourth Circuit's mandate pursuant to Fed. R. App. P. 39(d). Order Granting Costs, Pla. Ex. 3, ECF 117-3. Defendants paid $1,366.80 to plaintiffs on August 7, 2013. ECF 112 at 9, 12.

On remand, as a result of Judge Legg's retirement, the case was reassigned to me on February 4, 2013. In November 2013, the case proceeded to a jury trial solely against Officer Mee. On November 25, 2013, following a jury verdict in favor of Officer Mee, I entered judgment in his favor. ECF 110.[4] Officer Mee then filed a bill of costs with the Clerk of this Court. ECF 112.[5] On February 11, 2014, the Clerk issued an order granting costs to defendant

---

[4] The claims against Baltimore County had been bifurcated for trial. Based on the disposition of the claims as to Officer Mee, I entered an Order of Judgment in favor of Baltimore County on December 18, 2013. *See* ECF 114.

[5] Plaintiffs filed no objection to defendant's bill of costs prior to entry of the Clerk's order assessing costs against plaintiffs. Local Rule 109.1 provides: "A party objecting to any requested costs shall submit a memorandum in opposition to the request within the time permitted by L.R. 105.2. If no such memorandum is filed within the required time, the Clerk may, without notice or hearing, tax all of the requested costs." Some courts have found that failure to object to the prevailing party's bill of costs results in waiver of the right to seek judicial review of the clerk's order taxing costs. *See, e.g., Konig v. Dal Cerro*, No. C 04-02210-WHA, 2008 WL 4628038, at *1-3 (N.D. Cal. Oct. 16, 2008); *Weisbart v. U.S. Dept. of Taxation*, No. CV-97-6020 (CPS), 2001 WL 1782873, at *3-4 (E.D.N.Y. Nov. 13, 2001). Other courts, however, have found that failure to comply with the district's local rules on filing objections to

as the prevailing party in the action, in the amount of $4,371.95 ("Order," ECF 116). The award included $1,366.80 sought for reimbursement of costs taxed against defendants by the Fourth Circuit and $42.20 sought for the cost of defendants' appellate brief. ECF 116. The docket entry stated: "Motion for Review due by 2/21/14." Notice of Electronic Filing, Pla. Ex. 1, ECF 117-1 at 2.

On February 21, 2014, plaintiffs filed the present Motion, contending that the Clerk erred by granting reimbursement of the costs previously taxed by the Fourth Circuit and the cost of the appellate brief. *See* Motion, ECF 117 at 1. Accordingly, plaintiffs seek to reduce the Order by $1,409.00, which would reduce the total amount of the award to $2,962.95. *See id.* at 2.

**Standard of Review**

Fed. R. Civ. P. 54(d) provides, in pertinent part: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." The Fourth Circuit has determined that "the rule creates the presumption that costs are to be awarded to the prevailing party." *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 446 (4th Cir. 1999). Thus, "it is incumbent upon the unsuccessful party to show circumstances sufficient to overcome the presumption favoring an award of costs to the prevailing party." *Wyne v. Medo Indus., Inc.*, 329 F. Supp. 2d 584, 586 (D. Md. 2004) (citing 10 Charles A.

---

bills of cost does not waive a party's ability to seek judicial review. *See*, *e.g.*, *Unishippers Global Peterson v. Exide Technologies*, No. 09-4122-SAC, 2012 WL 3245469, at *1 (D. Kansas Aug. 9, 2012); *Logistics, LLC v. DHL Exp. (USA), Inc.*, No. 2:08CV894DAK, 2011 WL 6754050 (D. Utah Dec. 22, 2011); *Owen v. Georgia–Pacific Corp.*, No. Civ. 303CV378(DJS), 2005 WL 3542407, at *1 (D.Conn. Nov. 28, 2005); *see also Chapman v. Chase Manhattan Mortg. Corp.*, No. 04-CV-0859-CVE-FHM, 2008 WL 54927, at *1-2 (N.D. Okla. 2008) (reviewing the clerk's order taxing costs although no objection was filed); *Howell v. NYC Leadership Acad., Inc.*, No. 05 Civ. 8233 (JGK), 2008 WL 5336891, at *3 (S.D.N.Y. Dec. 20, 2008) (declining to "deny[] the motion for costs or declin[e] to hear it based on the defendant's procedural errors"). Although plaintiffs did not comply with the process set forth in this Court's Local Rules, defendant has not objected to judicial review of the Motion on the basis of plaintiffs' failure to object to the bill of costs. Therefore, I will consider plaintiffs' Motion.

3

Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 2668 at 232 (3d ed. 1998)). The court reviews *de novo* the clerk's order taxing costs. *Mitchell-Tracey v. United Gen. Title Ins. Co.*, 839 F. Supp. 2d 821, 825 (D. Md. 2012) (citing *Farmer v. Arabian Am. Oil Co.,* 379 U.S. 227, 233–34 (1964)); *Young v. United Parcel Serv., Inc.*, No. DKC-08-2586, 2014 WL 858330, at *1 (D. Md. Mar. 4, 2014). Of import here, a motion for review of an award of costs must be filed within seven days after the Clerk taxes costs. Fed. R. Civ. P. 54(d).

## Discussion

### A. Timeliness of Motion for Review

Plaintiffs filed the Motion ten days after costs were awarded by the Clerk. As a threshold matter, defendant opposes plaintiffs' Motion as untimely, and asserts that plaintiffs' Motion should be denied on this basis. ECF 118.

"Failure to timely move for the Court's review of a Clerk's order taxing costs results in waiver of the right of review of that order." *Mitchell-Tracey*, 839 F. Supp. 2d at 825 (citing *Bailey v. Mid Atl. Isotopes/Geodax,* 66 F. App'x 485, 486 (4th Cir. 2003)). Notwithstanding the waiver, Rule 54(d)(1)'s seven-day limitations period is not jurisdictional and a court, in its discretion, may consider untimely objections to the clerk's taxation of costs. *Mitchell-Tracey*, 839 F. Supp. 2d at 825; *see In re Paoli R.R. Yard PCB Litigation,* 221 F.3d 449, 459 (3d Cir. 2000); *Soberay Mach. & Equip. Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 770 (6th Cir. 1999); *Lorenz v. Valley Forge Ins. Co.*, 23 F.3d 1259, 1261 (7th Cir. 1994).

Plaintiff contends that the Motion is not untimely because Rule 6(d) extends the date by which a Rule 54(d) motion is due. Under Rule 6(d), "When a party may or must act within a specified time after service . . . 3 days are added after the period would otherwise expire." Because Rule 54(d) states that the moving party must act "within the next seven days" after the

Clerk taxes costs—not after service of the order—Rule 6(d) does not apply to Rule 54(d) motions. *See Hillside Prods., Inc. v. Cnty. of Macomb*, 448 F. App'x 592, 593 (6th Cir. 2012) ("Federal Rule of Civil Procedure 54(d) does not compute the period for filing a motion to review an order taxing costs from the date of service."); *Lorenz*, 23 F.3d at 1261 (explaining that the party that filed an objection to the clerk's taxation of costs did "not have a further three days . . . for the time starts with the entry of the clerk's order rather than service of that order"); *Mitchell-Tracey*, 839 F. Supp. 2d at 825 n.6 (collecting cases); *see also Dixon v. Digital Equip. Corp.*, 976 F.2d 725, 1992 WL 245867, at *1 (4th Cir. 1992) (unpublished) (explaining that Rule 6(e) (now Rule 6(d)) "adds an additional three days to any prescribed period where service of notice commences the limitations period").

As noted, plaintiffs filed their motion for review ten days after the entry of the Clerk's Order. Nevertheless, the district court may, for good cause, extend the time "on motion made after the time has expired if the party failed to act because of excusable neglect." Rule 6(b)(1)(B). I will construe plaintiff's Motion as including a request to file an untimely Motion, and consider whether plaintiffs have demonstrated excusable neglect. *Cf. Axxiom Mfg., Inc. v. McCoy Investments, Inc.,* 846 F. Supp. 2d 732, 736 (S.D. Tex. 2012) ("The court will construe Axxiom's response as a motion for leave to file an untimely response, and that motion is granted."); *Hall v. Marshall,* 479 F. Supp. 2d 304, 311 (E.D.N.Y. 2007) ("[T]he [Court] construes the amended complaint as a motion for leave to amend.").

Whether neglect is excusable is "at bottom an equitable [inquiry], taking account of all relevant circumstances," including: (1) the danger of prejudice to the non-movant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was in the reasonable control of the movant; and (4) whether the movant

acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395 (1993); *see also Fernandes v. Craine,* --- F. App'x ---, Civ. No. 13–1298, 2013 WL 4427809 (4th Cir. Aug. 20, 2013).

In my view, plaintiffs have demonstrated excusable neglect. Notably, the text on the docket specifically indicated, albeit erroneously, that the deadline for filing a motion for review was February 21, 2013. Plaintiffs filed their Motion by that date. *See Hilton Groups, PLC v. Branch Banking & Trust Co. of SC*, No. 2:05-937-DCN, 2007 WL 2022183, at *4 (D.S.C. July 11, 2007) (finding excusable neglect where "the advice of the deputy clerk substantially affected counsel's interpretation of the rule); *Combustion Eng'g, Inc. v. Miller Hydro Grp.*, 739 F. Supp. 666, 669 (D. Me. 1990) ("Counsel's reliance on the information mistakenly provided by the Court is excusable neglect."). Moreover, defendant has not asserted that he was prejudiced by the delay or that plaintiffs acted in bad faith. And, the delay of three days was obviously quite brief, with no impact on the proceedings or cause to find prejudice to the defense. Accordingly, I will exercise my discretion under Rule 6(b)(1)(B) to treat the Motion as timely.

**B. Appellate Costs**

Plaintiffs assert that, as to Officer Mee, they were the prevailing party on appeal, and thus they are entitled to the costs that the Fourth Circuit awarded to them, regardless of the outcome of the trial. Thus, they insist that the Clerk erred by awarding these costs to defendant. Motion, ECF 117 at 2. Defendant counters that the Clerk properly taxed appellate costs against plaintiffs under section II.K of this Court's Guidelines for Bills of Cost ("Guidelines").[6] ECF 118 at 2. Section II.K of the Guidelines explains that certain costs incurred in pursuing an appeal are

---

[6] The Guidelines for Bills of Cost is a publication provided by the Clerk's Office "to assist parties in properly filing bills of cost with this Court." Guidelines for Bills of Cost (3d ed. 2013), *available at* https://www.mdd.uscourts.gov/publications/Forms/BillofCostsGuidelines.pdf.

6

recoverable in the district court pursuant to Fed. R. App. P. 39(d) and Fed. R. App. P. 39(e). Defendant's reliance on these provisions is misplaced.

On appeal, the Fourth Circuit affirmed in part and reversed in part and remanded to the district court. Without question, however, plaintiffs prevailed on appeal as to Officer Mee. Pursuant to Fed. R. App. 39(d), the Fourth Circuit's mandate included an award of costs to plaintiffs. Notably, the Fourth Circuit's award was not contingent on the outcome of the case on remand.

Put another way, plaintiffs' entitlement to appellate costs was not extinguished because defendant ultimately prevailed at trial. *See Hynix Semiconductor Inc. v. Rambus Inc.*, C-00-20905-RMW, 2012 WL 95417, at *3 (N.D. Cal. Jan. 11, 2012) ("[A]n order taxing appellate costs is effective immediately, and is not dependent upon the ultimate outcome of the case on remand."); *Mason v. Texaco, Inc.*, 131 F.R.D. 697, 698 (D. Kansas 1990) ("Irrespective of the disposition of this case upon retrial, defendant was the prevailing party on appeal from the first trial. Thus, the assessment of costs for defendant's expenses on appeal may not be extinguished by the fact that plaintiff has prevailed in subsequent proceedings."). Indeed, defendant has not cited any authority to permit the district court to override the costs that the Fourth Circuit previously and unconditionally awarded to plaintiff. *See Invention Submission Corp. v. Dudas*, 413 F.3d 411, 415 (4th Cir. 2005) (explaining that, under the mandate rule, "a lower court generally may not consider questions that the mandate has laid to rest"); *cf. Ellis v. Grant Thornton LLP*, 434 F. App'x 232, 235 (4th Cir. 2011) (finding that the district court abused its discretion when it refused to award costs that were ordered by the Fourth Circuit as part of our mandate to the district court.).

As to the cost of the appellate briefing, it likewise cannot be properly recovered by defendant. Although Fed. R. App. P. 39(c) permits recovery of the cost of appellate briefing, a party's ability to recover this cost is determined by reference to subsection (a) of Fed. R. App. P. 39, which lists possible outcomes of an appeal and who is liable for costs in each situation. Fed. R. App. P. 39(a)(4) provides that, "if a judgment is affirmed in part, reversed in part, modified, or vacated, costs are taxed only as the court orders." As noted, the Fourth Circuit affirmed in part, reversed in part, remanded for further proceedings and awarded costs to the plaintiff. Therefore, its award of costs falls within the scope of Fed. R. App. P. 39(a)(4). Because the Fourth Circuit did not determine that defendant was entitled to the costs of appeal, this Court cannot properly award the cost of defendant's appellate briefing.

Accordingly, defendant will not be reimbursed for the appellate costs paid to plaintiffs ($1,366.80) or the cost of the appellate briefing ($42.20). As a result, the total award is reduced by $1,409.00.

## Conclusion

For the foregoing reasons, plaintiffs' Motion will be granted. Accordingly, $1,409.00 will be deducted from the Clerk's award of costs to defendant, and the total award of costs to defendant will be reduced to $2,962.95. A separate Order follows, consistent with this Memorandum Opinion.

Date: April 3, 2014
/s/
Ellen Lipton Hollander
United States District Judge